KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

LAUREN M. NAKAMURA #9781
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      lauren.nakamura@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Case No. CR24-00029 SASP |
|---|---|
| Plaintiff, | ) |
|  | ) PRELIMINARY ORDER OF |
|  | ) FORFEITURE (SPECIFIC |
| vs. | ) PROPERTY) |
|  | ) |
| JAMIE BALDIVINO, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

<u>PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)</u>

WHEREAS, an Indictment was filed on May 23, 2024, charging defendant Jamie Baldivino with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 1) and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count 2),

and providing notice that upon conviction, the government would seek forfeiture; and

WHEREAS, on or about July 17, 2025, defendant Jamie Baldivino pled guilty, without a plea agreement, to all the charges in the Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 2253, a person convicted of a violation of 18 U.S.C. § 2252A shall forfeit to the United States any (1) visual depiction described in 18 U.S.C. § 2252A, and any books, magazines, periodicals, films, videotapes, and other matter containing such visual depictions, which were produced, transported, mailed, shipped or received in violation of that section; (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense of conviction; and/or (3) property, real or personal, used or intended to be used to commit or to promote the commission of the offense of conviction or any property traceable to such property; and

WHEREAS, the United States seeks the forfeiture of all of defendant Jamie Baldivino's right, title, and interest in the following property (the "Specific Forfeitable Property"), which was seized by law enforcement on or about May 13, 2024:

      i.    a gray USB drive; and

      ii.    a computer Solid State Drive ("SSD"); and

2

WHEREAS, the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS, the Specific Forfeitable Property is subject to forfeiture pursuant to 18 U.S.C. § 2253 as (1) visual depiction described in 18 U.S.C. § 2252A, and any books, magazines, periodicals, films, videotapes, and other matter containing such visual depictions, which were produced, transported, mailed, shipped or received in violation of that section; (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which defendant Jamie Baldivino has pled guilty; and/or (3) property, real or personal, used or intended to be used to commit or to promote the offenses to which defendant Jamie Baldivino has pled guilty, and property traceable to such property, and the Court so finds; and

WHEREAS, defendant Jamie Baldivino:

(1) Acknowledges that the Specific Forfeitable Property is subject to forfeiture as described above; and

(2) Waives and abandons all right, title, and interest in the Specific Forfeitable Property; and

(3) Waives, releases, and withdraws any claim that he may have made with respect to the Specific Forfeitable Property and

3

       waives and releases any claim that he might otherwise have made to it in the future; and

(4) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Forfeitable Property; and

(5) Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(6) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(7) Acknowledges that he understands that forfeiture will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(8) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(9) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

4

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Jamie Baldivino on the date it is entered by the Court, and it shall be made part of the sentence of defendant Jamie Baldivino and shall be included in the judgment of conviction of defendant Jamie Baldivino; and

THAT, pursuant to 18 U.S.C. § 2253, any and all interests of defendant Jamie Baldivino in the Specific Forfeitable Property, which was seized by law enforcement on or about May 13, 2024, specifically:

    i.    a gray USB drive; and
    ii.    a computer SSD,

are hereby forfeited to the United States of America; and

THAT, the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT, the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT, if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this

Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT, this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

//

//

//

//

//

//

//

//

The undersigned hereby consent to
the entry and form of this order:

KENNETH M. SORENSON
Acting United States Attorney

By: LAUREN M. NAKAMURA    Dated: October 29, 2025
Assistant United States Attorney

MELINDA YAMAGA, ESQ. , ESQ.    Dated: October 29, 2025
Attorney for Defendant Jamie Baldivino

JAMIE BALDIVINO    Dated: October 29, 2025
Defendant

IT IS SO ORDERED:
Dated: October 31, 2025, at Honolulu, Hawaii.



Shanlyn A.S. Park
United States District Judge

USA v. Jamie Baldivino; Criminal No. 24-00029 SASP; "Preliminary Order of Forfeiture (Specific Property)"

8